## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 1:14-CR-92 |
| ) | Sentencing Date: June 20, 2014 |
| ARVIND K. PATHAK,   ) | The Honorable Anthony J. Trenga |
| ) | |
| Defendant.   ) | |

### POSITION OF THE UNITED STATES
### WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Jason M. Scheff, Special Assistant United States Attorney, files this Position of the United States with Respect to Sentencing in this case. The United States asks the Court to impose a sentence of probation, which is a variance from the properly calculated Sentencing Guidelines range of 12-18 months. This sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

### BACKGROUND

In 1984, Arvind Pathak was issued a license to practice medicine and surgery in the Commonwealth of Virginia. (Dkt. 6.) Dr. Pathak had a medical practice in Fairfax County, Virginia, as a part of which he prescribed and dispensed controlled substances. (Dkt. 6.) Although Dr. Pathak had a Drug Enforcement Administration license to prescribe and dispense controlled substances, Dr. Pathak went outside the bounds of this license by knowingly, intentionally, and unlawfully distributing oxycodone tablets, a Schedule II controlled substance, outside the usual course of professional practice and for no legitimate medical purpose. (Dkt. 6.) Specifically, Dr. Pathak admitted in the Statement of Facts to distributing and dispensing fifty

oxycodone 30-mg tablets.   (Dkt. 6.)

On March 19, 2014, Dr. Pathak pleaded guilty to a one-count information before this Court, charging him with knowingly, intentionally, and unlawfully distributing and dispensing a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, outside the usual course of professional practice and for no legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1).   (Dkt. 3.)   Under 21 U.S.C. § 841(a)(1), the maximum penalties for Dr. Pathak's offense are ten years imprisonment, a fine of $1,000,000, and a $100 special assessment.   21 U.S.C. § 841(b)(1)(C).   In addition, if Dr. Pathak is sentenced to a term of imprisonment, he must also be required to serve at least three years of supervised release.   *Id.* Because this offense is a Class C felony, *see* 18 U.S.C. § 3559(a)(3), the defendant may be sentenced to a term of probation of between one and five years, 18 U.S.C. § 3561.

The base offense level for a violation of Section 841(a)(1) in this case is level sixteen. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(a)(5) (2013).[1]   Dr. Pathak also receives a two-level sentencing enhancement for having abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, *see id.* at § 3B1.3, based on the use of his medical license and medical acumen to facilitate the offense.   An additional two-level reduction is applied because Dr. Pathak meets all of the "safety valve" criteria as outlined in Section 5C1.2 of the Sentencing Guidelines.   *See id.* at § 2D1.1(b)(6).   Given Dr. Pathak's acceptance of responsibility and timely notification of his intent to plead guilty, a two-level reduction in his offense level is appropriate.   *See id.* at § 3E1.1(a).

---

1 This offense level is based on the sentencing table's Drug Equivalency Table, which equates one gram of oxycodone with 6700 grams of marijuana.   U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 application note 8.   The fifty oxycodone 30mg tablets distributed by Dr. Pathak thus convert to just over ten kilograms of marijuana.   This results in a base offense level of sixteen.   *See id.* at § 2D1.1(c).

For the same reason, the United States moves for the Court to grant an additional one-level reduction in offense level, pursuant to Section 3E1.1(b) of the Sentencing Guidelines. In sum, this yields a total offense level of thirteen. Because Dr. Pathak is in Criminal History Category I—since he has no prior criminal convictions that count towards his criminal history—the guideline range is 12-18 months.

The United States believes that the guideline range is unduly severe in the case of Dr. Pathak and that a downward variance is appropriate. As a result, the United States respectfully recommends that Dr. Pathak be given the variant sentence of probation.

## ARGUMENT

Since the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Fourth Circuit has provided district courts with the following guidance in sentencing:

> [A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). The Section 3553(a) factors include consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct . . . ." 18 U.S.C. § 3553(a)(2)(A) & (B). The government's position is that these factors are accounted for through a sentence of probation.

**I.  A Downward Variance is Appropriate Based on a Proposed Amendment to the Sentencing Guidelines.**

It should be noted that while the guideline range is 12-18 months, at the outset the government is seeking a variant sentence based on an imminent amendment to the Sentencing

Guidelines. The Sentencing Commission (the "Commission") has adopted an amendment to reduce the offense level for most drug offenses by two levels (the "amendment"). Assuming no congressional action, this amendment is due to go into effect on November 1, 2014, and the Commission is also currently considering its retroactive application. In light of this amendment and the possibility of its retroactive application, the government's position is that in drug offenses—and in the case of Dr. Pathak—a two-level downward variance is generally appropriate.

The purpose of this is to give Dr. Pathak, and similarly situated defendants, the benefit of the pending Sentencing Guidelines amendment. Because of this, this recommendation is conditioned on the defendant agreeing on the record not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of this amendment. Should this Court adopt the government's position as to this variance, while also sentencing Dr. Pathak to a term of imprisonment, it would not be appropriate for Dr. Pathak to derive the benefit from this variance and then again derive the same benefit from the amendment on which the variance is premised.

**II.     A Downward Departure is Appropriate Based on the Defendant's Age.**

The Sentencing Guidelines account for age as a basis for a downward departure when considerations based on age "are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." Dr. Pathak is almost seventy-two years old. Presentence Investigation Report ("PSR") ¶ 43. Given Dr. Pathak's advanced age, the government does not believe that imprisonment is necessary. Imprisonment would be an overly harsh punishment and, given the circumstances of this case, is not necessary as a deterrent.

**III.    Probation is an Adequate Sentence Because Dr. Pathak Has Already Lost his Medical License.**

One of the primary tools that Dr. Pathak used to effect this crime was his medical license;

he was selling oxycodone prescriptions to drug users at his medical practice with zero medical justification for doing so.  (*See generally* Dkt. 6.)  Dr. Pathak no longer has a medical license, however, as the Virginia Board of Medicine accepted his voluntary permanent surrender of his license—as well as the surrender of his DEA certificate and DEA 222 Schedule II order forms—on January 10, 2013.  PSR ¶ 60.  Dr. Pathak also agreed that he could never have his license reinstated.  *Id.*  As a result, Dr. Pathak can no longer practice medicine and can no longer write prescriptions.

This is no small punishment.  Dr. Pathak received his medical degree forty years ago, PSR ¶ 55, and had been in private practice from 1972 until closing his practice in December 2013, *id.* ¶ 62.  Furthermore, through 2013, Dr. Pathak's practice generated more than $300,000 in gross business income every year since 2009.  *Id.* ¶ 63.

A sentence of probation, combined with Dr. Pathak's surrender of his medical license, accounts for the factors in Section 3553(a).  For example, this punishment reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and serves as an adequate deterrent, under these circumstances.

## **CONCLUSION**

Therefore, for the above-stated reasons, the United States submits that a sentence of probation is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

Date: June 13, 2014        By:      /s/
        Jason M. Scheff
        Special Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3814
        Fax: (703) 299-3980
        E-mail: jason.scheff@usdoj.gov

        Gene Rossi
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel for the defendant:

Peter Greenspun
Greenspun Shapiro PC
3955 Chain Bridge Road, Second Floor
Fairfax, VA 22030
(703) 352-0100
Email: pdg@Greenspunlaw.com

                                              By:                                /s/
                                                      Jason M. Scheff
                                                      Special Assistant United States Attorney
                                                      United States Attorney's Office
                                                      2100 Jamieson Avenue
                                                      Alexandria, VA 22314
                                                      Phone: (703) 299-3814
                                                      Fax: (703) 299-3980
                                                      E-mail: jason.scheff@usdoj.gov